United States v. Gary Collins Ms. Willie, good morning. Good morning, Your Honors. May it please the Court, my name is Lauren Willie, and I represent the appellant defendant Gary Collins. Please speak up. Certainly. I'll move the microphone closer. In our brief, we raised two issues, the suppression issue and the career offender issue. I'd like to spend a little time first talking about our suppression issue that we raised. I want to be very clear about what our argument is on the suppression issue. We are challenging the search of the bag that was found inside of the car. The assertion that we're making is the search of the bag was illegal. Was it your client's bag? It was found to be our client's bag. He was charged. Did you claim that it was? He did not claim it was the bag at the time of the search. However, I are... Well, if he didn't claim it then, isn't that when he had to claim it? I don't think that that is dispositive of whether or not he had standing to challenge the search, if that is what you're asking, Judge. Well, I don't know. Well, let's see. I think that that is certainly a factor to be considered in deciding whether or not there is standing. I think that in this particular case, what is a more important factor to be considered is what the officers thought when they were searching the bag. It is clear from the record, and there is a video and a transcript which is included in our appendix of the actual search. It is very clear from that record that the officers believed it was his bag. They... Do you know of any case at all that the officers' subjective belief is of any importance to this issue? Well, Your Honor, I would argue that... So the Fourth Amendment itself in the exclusionary rule is meant to deter the exact kind of police conduct that took place in this court, in this case. How is that? By which I mean, the owner of the car who was standing near the car at the time the officer approached, she was subject to bail conditions. It is this reason we are not challenging the search of the car. It was her car. Her bail conditions allowed the search of her person, her vehicle, and her residence. We are talking about the search of her vehicle. It is for that reason that we are conceding that the search of the car, there was no violation of the Fourth Amendment right there. Even though we are not conceding the point that our client did have standing to challenge the search of the car, as well as the bag. The scope of the bail conditions, however, did not include the search of other people's property. So what I'm getting at is, they found this bag in the backseat of the car. The officers asked, whose bag is this? To Ms. Parsons, who is the bailee in this case. She says, that's not my bag. I don't know where that bag came from, she says. It might be the guy from Room 133's bag. As soon as the officer opens the bag, he sees men's clothes, men's shoes, men's shorts, and things of that nature. It's our contention that at that point, the officer was well aware that this bag did not belong to the bailee. The government raises an issue of it being abandonment. No matter whose bag it was, they were allowed to search it because it was abandoned. The cases that they cite to, however, involve situations where, I believe it's the Abel case and the Lewis case. They involve situations where there was no question that the property had been abandoned. Both of those cases involved hot pursuit and police officers physically seeing the defendant discard property. And so, this court in Lewis and the Supreme Court in Abel found that that property had been abandoned. This case, we don't have that sort of a circumstance. We have a bag. The officers are not aware of whether or not that property was abandoned. It wasn't... When does the woman say it belongs to so and so who lives in the Paramount Hotel and Room whatever? Yes. The woman, Ms. Parsons, says, I think it's the guy from 133. He borrowed my car yesterday. I lent him my car yesterday. Although, I think that if you were to review the transcript at some point, she does say to the officers, it's probably his, meaning our client, Mr. Collins. It's clear, however, regardless of what Ms. Parsons is telling the police officer, they believe that this bag belongs to Mr. Collins. Again, back to Judge Torreo's question, why does that make any difference? So it makes... And he refuses to claim ownership of the bag at the time. He's given the opportunity to do it. True, Your Honor. So two points I'd like to make on that. One is, at that point in time, the defendant, Mr. Collins, was faced with sort of the impossible choice of either self-incriminating himself and saying, this bag belongs to me, including all of the drugs that were found inside the bag, or essentially forfeiting any right that he might have, any Fourth Amendment right he might have in the bag against unreasonable search and seizure. So it cannot be the case that a defendant in a situation such as this has to choose between which constitutional protection he's afforded. The second point I wanted to make, though, is that I wanted to get back to the point I was making about how he did disclaim ownership of the bag. However, that should be but one factor that is considered. If he had said, that is my bag, we may be in a very different position however whether he had standing, but the fact of the matter is he disclaimed ownership of the bag. But it is still clear that the police officers believed it was his bag, and therefore their search of the bag was legal. Why is that so clear? Why aren't they going to search the bag no matter whom it belongs to? Well they had a right to search Ms. Parsons' property as being on bail conditions, but those bail conditions didn't extend to the property of others. So as soon as, our condition is if he had any right at all to open that bag, if they wanted to perhaps corroborate Ms. Parsons' claim that the bag was not hers, as soon as they opened the bag and discovered it was full of men's clothes, that's when the search should have ceased. Why should it cease? Because she was claiming it belonged to a third party who was not present. Correct, and whether or not, even if the police believed her that it belonged to a third party, they don't have a right to search pursuant to her bail conditions someone else's property even if that property is in her vehicle. And as soon as they opened that bag, they realized it was not in fact her property. Getting back to Abel and Kane, there's also no evidence that that property had been abandoned. I'm trying to understand what you mean by that. So if they found the bag on the street, and they started to open it, and they thought, oh this must be Collins' bag, I take it your position would be they could keep searching, because it would be abandoned. Even if they subjectively believed it was Collins' bag. Well, if there is no right to privacy in an abandoned property. That's what I'm saying, if they found it on the street, it wouldn't matter that they thought it was Collins' bag. It wouldn't matter whose bag they thought it was. They're allowed to search abandoned property. Our argument is that it's not abandoned property. Why is this not abandoned property? There's a bag in a car that no person is claiming to be their bag. So what makes it not abandoned? The only two people it could belong to, and therefore not be abandoned, are each saying it's not mine. Well, so what I'm arguing is that it's not abandoned, even if it belongs to the guy from 133. And that is not our argument, because the government, so it's not abandoned even if it belonged to the guy from 133, because there's no overt intent to abandon. But suppose I just find a bag on the street. I didn't see anybody put it there. It's just there. Is that an abandoned bag? I think that there's a better argument that it's an abandoned bag. What is that abandoned bag? Perhaps someone just forgot a bag in a car and had every intention to reclaim the bag. So what is the difference between that case and this one? There's just a bag in a car that no one in the car or near the car... A car is private property, so in this case we... And the owner of the car says it's not my bag. Right, but she said more than that. Does that mean it is her bag? It's got to be somebody's bag if it's not abandoned. So whose bag is it? From the point of view of the government, it's Mr. Collins' bag. I find it... The government wants to have it both ways. They want to say it's not his bag and therefore he has no Fourth Amendment right to privacy in this bag. So you know it was in both ways. You're saying it's not my bag, and then later you want to say it is my bag. So who wants it both ways? Well, I think that again, getting back to the choice that the defendant was faced at that moment, he either needed to incriminate himself by claiming ownership or he needed to assert a right to privacy. That was an impossible situation. But I also think that there's a logical disconnect in saying it's not his bag and he can't challenge the search of the bag, but it is his bag and that we're going to charge him with trafficking and everything that we found in the bag. Look, let's get back to the beginning. Sure. Police officer sees a bag. At that point is when he has to make a decision whether he can search it or not. If nobody's claiming at that point, it seems to me that's what decides the law. If I may just make one final point, I can see my time is up. Our contention is as soon as the officer realized that the search of the bag was outside of the scope of the bail condition, he should have ceased the search and tried to obtain a warrant in this case. Thank you, Your Honor.  Ms. Bunker, good morning. Good morning, Your Honors. May it please the Court, Rene Bunker on behalf of the United States from the District of Maine. I, too, will start with a suppression issue. And it is critical under this Court's case law that Mr. Collins show a reasonable expectation of privacy in that bag. It appears that they've now skipped over the car, so I will go directly to the bag as well. At the scene when Officer Morin arrived, Parsons and Collins both denied ownership of that bag. Judge Lynch, you asked how soon. Parsons said it belongs to the guy from 133. That referred to 133 Emory Street, which is the area from which Parsons and Collins had traveled within the last hour, and also as Morin testified, an area known well for its drug trafficking. Parsons made that comment very early on when Morin said, hey, whose bag is this? And so the record is clear that Collins repeatedly denied to Officer Morin that he had anything to do with that bag, and he continued with those denials, I noticed in the transcript, even after his arrest, and they're traveling in the car, and Morin is questioning about both the bag and the drugs in the bag. But what is also even more critical, as this Court's case law highlights, is that it's not a hops and choice or an impossible choice. It is the defendant's burden to establish this expectation of privacy. And as in Alameda, as in Simonovitch, and as in Sanchez, the defendant could have put on testimony during the suppression hearing of some sort of interest in that bag, or some sort of privacy interest in the shoes, or the socks within that bag. He chose not to do so. The defense chose not to do so. And as in Alameda with the counterfeit pills, as in Simonovitch with the fix-a-flat can stuffed under the seat, and as in Sanchez, that is, and he could testify at the suppression hearing without the risk of having that evidence used against him at trial, at least as direct evidence. How did the suppression hearing proceed with respect to whose bag it was? If he doesn't testify it's his bag, the suppression hearing is premised on it being his bag, I assume, right? No, well, that goes back to whether there's a, the burden is clear. It remains on the defendant to prove an expectation of privacy. The suppression hearing, and the case law is clear, and Alameda and Simonovitch both rejected the claim that the opponent just made that because he's charged with knowledge of incriminating evidence or possession with intent to distribute, that that, by, in reverse, de facto establishes an expectation of privacy. That is absolutely not the case, and would eviscerate relevant Fourth Amendment requirements for an expectation of privacy. But the, at the hearing, Officer Morin testified, well, the district judge reviewed the video, which showed, and the transcript, incomplete, which showed the denials by both Parsons right away. It's not my bag. It belongs to the guy from 133 who must have borrowed my car the day before. Parsons denies repeatedly, according to Morin, and in the transcript, having anything to do with that bag. And the defense called Ms. Parsons, who also does not, by any stretch of the imagination, attribute an expectation of privacy, to the extent she even could, on Collins' part, to that bag. She repeats her story that it must have belonged to that guy from 133. So that gets back to, I think, Judge Torway and Judge Lynch, what, and the theory that upon opening that bag and seeing, perhaps, men's clothing rather than women's clothing, whether, for some reason, a reasonable officer under the Fourth Amendment, in light of bail searches, would have to cease the search. And it somewhat defies common sense. Either Officer Morin could have concluded, reasonably, after 26 years on the beat, Parsons was protecting the defendant because she knew what was in the bag, or she was, in fact, telling the truth and the bag came from the guy from 133, who was not present and, in that context, had abandoned that bag, either purposefully or accidentally, if you believe Parsons, in the rear seat of her car the day before when he borrowed the vehicle. Under neither scenario does a reasonable officer executing bail or probation searches have to stop the search there. In fact, one could argue it would be somewhat irresponsible to do so. But the guy from 133, even assuming he had an interest, of course, Mr. Collins cannot assert the interest, the Fourth Amendment interest, of the guy from 133. So unless the Court has additional questions. Just so I'm clear, at the suppression hearing, Collins says what with respect to whose bag it is? Is there just no evidence at the suppression hearing that it's anybody's bag? Mr. Collins didn't testify.  Officer Morin testified that both Collins and Parsons said that. But when Collins is seeking to suppress it, Correct. presumably he's asserting an expectation of privacy in the bag. But that's the law. No, I understand. I'm just trying to understand what happened. He's trying to infer that because the government has charged him with that, the Court can't. That's his only basis, really, at the suppression hearing. Correct. Parsons repeats the one-third guy from 133 story. Mr. Collins didn't testify. Officer Morin testified and some other officers about matters that have become irrelevant at this juncture. So unless the Court has any questions on the suppression issue or the fair offender predicate, we will rest on the briefs. Thank you.